Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7441 | **DATE** | 10/10/2003 |
| **CASE TITLE** | Bethea vs. LaSalle Bank, N.A. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendant's motion for summary judgment. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | 2 number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | OCT 14 2003 date docketed | 35 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | 10/10/03 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| MPJ courtroom deputy's initials | | Date/time received in central Clerk's Office | mpg mailing deputy initials | |

VANESSA BETHEA, )
)
      Plaintiff, )
)
v. )
) No. 01 C 7441
LASALLE BANK, N.A., )
)
      Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Vanessa Bethea, an African-American female, filed a complaint against her employer, defendant LaSalle Bank, N.A. ("LaSalle"), alleging race and sex discrimination in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, race discrimination in violation of 42 U.S.C. § 1981, and unlawful retaliation in violation of Title VII. LaSalle now moves for summary judgment. I grant the motion.

### I. Background

Ms. Bethea was hired by LaSalle in March 1999 as an administrative assistant in the Asset Backed Securities Department. By June 2000, she had been promoted to the position of Trust Administrator I. In August 2000, various employees in the Asset Backed Securities Department received a market increase to their salary. Ms. Bethea was not one of these employees. LaSalle explains its reason for giving merit increases to some employees in the Asset Backed Securities Department, but not Ms. Bethea, as follows. Around that time, Cindy Davis, an employee in the Asset

Backed Securities Department, announced that she was resigning to take employment with a competitor. LaSalle was concerned that Ms. Davis would attempt to recruit other LaSalle employees to work with her at the competitor. To defend against any recruitment attempts, LaSalle reviewed the salaries of employees in the Asset Backed Securities Department and ultimately gave market increases to twenty of seventy-three employees in the department. LaSalle indicates that it decided not to give Ms. Bethea a market increase because it felt that her salary was appropriate to her level of contribution to the department, experience and level of development. In addition, LaSalle found it unlikely that Ms. Bethea would be recruited by the competitor because she had a history of antagonistic relations with Ms. Davis.[1]

In November 2000, Ms. Bethea filed a charge with the Illinois Department of Human Rights and the EEOC alleging race and sex discrimination based on the market increases. In April 2002, Ms. Bethea filed another charge, this time alleging that she was subjected to a hostile work environment in retaliation for having filed the previous charge. Ms. Bethea resigned from LaSalle in December 2002.

Summary judgement is proper when "there is no genuine issue as to any material fact and ... the moving party is entitled to a

---

[1] On her exit interview form, Ms. Davis wrote: "There were many reasons for my leaving, one of which was a particular co-worker, Vanessa Bethea." (Goldenberg Aff. Ex. B.)

2

judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). In determining whether a genuine issue of material fact exists, I "construe all facts in the light most favorable to the nonmoving party and draw all reasonable and justifiable inferences in that party's favor." *Popovits*, 185 F.3d at 731 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). While I apply this standard with particular care in employment discrimination cases, *see Adusumilli v. City of Chicago*, 164 F.3d 353, 360-61 (7th Cir. 1998), the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

## II. Race and Sex Discrimination

Title VII prohibits employment discrimination on the basis of both sex and race, and thus, the two types of discrimination are analyzed in the same manner. *See, e.g., Traylor v. Brown*, 295 F.3d 783, 787-88 (7th Cir. 2002). Additionally, the same standards governing liability under Title VII apply to section 1981. *Gonzalez v. Ingersoll Milling Mach. Co.*, 133 F.3d 1025, 1035 (7th Cir. 1998). Consequently, I will analyze all of Ms. Bethea's discrimination claims under the Title VII framework.

A plaintiff complaining of employment discrimination may proceed in two ways. She may present direct evidence of discrimination or she may use the *McDonnell Douglas* burden-shifting approach. *Perdomo v. Browner*, 67 F.3d 140, 144 (7th Cir. 1995). Ms. Bethea presents no direct evidence of discrimination, and chooses to proceed under the burden-shifting approach. Under this approach, she must first establish a prima facie case of discrimination. *Traylor*, 295 F.3d at 788. Once she does so, LaSalle must produce a nondiscriminatory reason for the alleged discriminatory action. *Id.* If it does so, Ms. Bethea must then present sufficient evidence that would enable a trier of fact to find that the explanation is pretextual. *Id.*

In order to establish a prima facie case, Ms. Bethea must establish (1) that she was a member of a protected class, (2) that she was performing her job satisfactorily, (3) that she experienced an adverse employment action, and (4) that similarly situated individuals were treated more favorably. *Id.* Ms. Bethea fails to establish this last element of her prima facie case. In attempting to satisfy this element, she points to coworker Rita Lopez. Rita Lopez is a non-African-American female who held the same job title as Ms. Bethea and received a market increase in August 2000. Thus, at least with respect to race,[2] Ms. Bethea points to a similarly

---

[2] Ms. Bethea's brief fails to discuss at all her sex discrimination claim, arguing only her race discrimination and retaliation claims.

4

situated individual outside her protected class who was treated more favorably. LaSalle, however, asks me to look at more than just Ms. Lopez. In August 2000, there were thirteen Trust Administrators including Ms. Bethea.[3] Nine received market increases while four did not.[4] While Ms. Bethea did not receive a market increase, the only other African-American Trust Administrator (who was also female) did. Likewise, the three other Trust Administrators besides Ms. Bethea who did not receive market increases were all Caucasian (two males, one female). As the Seventh Circuit has noted:

> A plaintiff cannot establish a prima facie case of racial discrimination by showing that, in a large department, a coworker of another race was treated more favorably than [s]he, though other coworkers of [her] race were treated more favorably than other coworkers of other races. Such a pattern, in which blacks sometimes do better than whites and sometimes do worse, being random with respect to race, is not evidence of racial discrimination.

*Bush v. Commonwealth Edison Co.*, 990 F.2d 928, 931 (7th Cir. 1993). *See also Wood v. Motorola, Inc.*, No. 98 C 1967, 1999 WL 617833, at *2 (N.D. Ill. 1999) (Bucklo, J.), *aff'd*, 210 F.3d 377 (7th Cir. 2000) (holding that an African-American engineer did not establish that she was treated differently than similarly situated employees

---

[3] There are two types of Trust Administrator positions, Trust Administrator I and Trust Administrator II. The positions are similar, with a Trust Administrator II enjoying a greater level of responsibility than a Trust Administrator I.

[4] Recall that in the entire Asset Backed Securities Department, twenty employees received market increases while fifty-three did not.

5

outside her class where two white engineers received raises similar to or lower than plaintiff's and one African-American engineer received a raise much higher than plaintiff's). Here, some white Trust Administrators received market increases while Ms. Bethea, an African-American, did not, but at the same time, another African-American Trust Administrator received a market increase while some white Trust Administrators did not. Looking at the whole picture in light of *Bush* and *Wood*, it becomes clear that Ms. Bethea fails to establish that similarly situated individuals outside her class were treated more favorably. Consequently, she fails to establish a prima facie case of discrimination.

### III. Retaliation

As with discrimination claims, a plaintiff pursuing a retaliation claim may proceed either by presenting direct evidence of retaliation or by using the *McDonnell Douglas* burden-shifting approach. *Stone v. City of Indianapolis Pub. Utils. Div.*, 281 F.3d 640 (7th Cir. 2002). Ms. Bethea presents no direct evidence of retaliation, and thus proceeds under the burden-shifting approach. Under that approach, she must establish that (1) she engaged in statutorily protected activity; (2) she performed her job according to LaSalle's legitimate expectations; (3) despite meeting these legitimate expectations, she suffered a materially adverse employment action; and (4) she was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. *Hilt-Dyson v. City of Chicago*, 282 F.3d 456,

465 (7th Cir. 2002). Here, Ms. Bethea fails to establish that she suffered a materially adverse employment action.

Ms. Bethea claims that from the time she first complained of racial discrimination, she was ostracized, ignored, and mistreated by her coworkers and supervisors. In order for a hostile work environment to constitute an actionable adverse employment action, however, harassment must be so severe or pervasive "so as to alter the conditions of the victim's employment and to create an abusive working atmosphere." *Ribando v. United Airlines, Inc.*, 200 F.3d 507, 511 (7th Cir. 1999). Not everything that makes an employee unhappy is an actionable adverse employment action. *Id.* Reviewing the record, it is clear that Ms. Bethea's claims, which consist of petty slights and normal workplace frictions, do not support a finding that she was subject to a hostile work environment. Thus, she fails to establish that she suffered a materially adverse employment action following her discrimination complaint, and her retaliation claim therefore cannot stand.

IV. Conclusion

Because plaintiff fails to establish a prima facie case of discrimination or retaliation, defendant's motion for summary judgment is GRANTED.

ENTER ORDER:

*Elaine L Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: October 10, 2003